IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD J. ACKOUREY, JR., d/b/a : 
GRAPHIC STYLES/STYLES : 
INTERNATIONAL LLC, : CIVIL ACTION
 : 
               Plaintiff, : NO. 13-CV-2319
 : 
   v. : 
 : 
NOBLEHOUSE CUSTOM TAILORS, ET. AL.,: 
 : 
               Defendants.

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                          **NOVEMBER 14, 2013**

    Before the Court are Plaintiff's Motion to Vacate Order Dismissing Case (Doc. No. 5), as well as Plaintiff's Certificate of Service (Doc. Nos. 4, 7) and Motion for Order to Show Cause (Doc. No. 8). For the reasons outlined herein, the Court hereby GRANTS Plaintiff's Motion to Vacate Order Dismissing Case (Doc. No. 5).

**I.   BACKGROUND**

    Plaintiff Richard J. Ackourey, Jr. resides in Bucks County, Pennsylvania. (Complaint, Doc. No. 1 at ¶ 3). His corporation, Graphic Styles/Styles International, LLC, is located in Southampton, Pennsylvania. Id. at ¶ 4. On April 29, 2013, Plaintiff filed a Complaint alleging unauthorized use and copyright infringement against Defendants Noblehouse Custom

1

Tailors, a business located in Hong Kong, and its owner Vijay Wadwahani. Id. at ¶ 5-6. On October 15, 2013, the Court dismissed the matter due to lack of service of process. (Doc. No. 3). Plaintiff then filed a Motion to Vacate Order Dismissing Case (Doc. No. 5). He argues that he "caused true and correct copies of the Summons and Complaint . . . to be served by certified mail, return receipt requested to each of the Defendants" on May 8, 2013. (Motion to Vacate at ¶ 2, Doc. No. 5). He received correspondence dated May 20, 2013, from the Defendants indicating receipt of the Complaint and Summons and requesting an extension of time to respond. Id. at ¶ 4. Plaintiff was unable to file proof of service until October because he had not previously received the Postal Return Receipt. Id. at ¶ 3. Filed with Plaintiff's Motion to Vacate was his Certificate of Service (Doc. No. 4), which included the Certified Mail Receipt, the May 20, 2013 letter from Defendants, and the Federal Express label used to mail Defendants' letter from Hong Kong to Plaintiff in Pennsylvania.

Plaintiff argued in his Motion to Vacate that service of process had been effectuated under Federal Rules of Civil Procedure 4(h)(1) and 4(e)(1) and Pennsylvania Rules of Civil Procedure 403 and 404. (Certificate of Service at ¶ 3, Doc. No. 4). On November 5, 2013, the Court issued an Order to Show Cause whether Plaintiff had effectuated service pursuant to Federal

2

Rules of Procedure 4(f) and 4(h)(2), which govern service of process on foreign individuals and corporations. (Doc. No. 6). Plaintiff responded with a Motion for Order to Show Cause. (Doc. No. 8).

**II. ANALYSIS**

Plaintiff has served process on Defendants in Hong Kong by certified mail, return receipt requested. (Pl. Motion Showing Good Cause at ¶ 2, Doc. No. 8; Certificate of Service at ¶ 3, Doc. No. 4). Plaintiff did not effectuate service through Hong Kong's designated Central Authority, through diplomatic or consular channels, and does not provide evidence of any other agreement between the United States and Hong Kong which would allow for alternative service.

The issues thus presented[1] by Plaintiff's Motion are (a) whether the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention" or "Convention") applies in this case; (b) whether service by postal channels is generally proper under the Convention; (c) whether Hong Kong has objected to service by

---

[1] Service of process must be made pursuant to the Federal Rules of Civil Procedure as well as the Hague Convention. The Court is satisfied that the time requirements of Rule 4 have been met. The Complaint was filed April 29, 2013 and service was effectuated on or about May 22, 2013, which is timely under the "flexible due diligence" standard applied in situations of foreign service. See U.S. ex. Rel. Thomas v. Siemens AG, 708 F.Supp.2d 505, 522 (E.D. Pa. 2010)(collecting cases). Plaintiff argues that he complied with the 120-day requirement of Rule 4(m) of the Federal Rules of Civil Procedure - however, Rule 4(m) does not apply to service in a foreign country. See Fed. R. Civ. P. 4(m).

3

postal channels; (d) whether certified mail is an acceptable form of such service; and (e) whether a Certified Mail Receipt is proper proof of service under the Convention. Because Plaintiff's Motion (Doc. No. 8) addresses only issue (a), the Court conducts its own analysis with regard to issues (b) - (e).

**A.    APPLICATION OF THE HAGUE SERVICE CONVENTION**

Plaintiff is correct that the Hague Service Convention applies to the instant matter. Plaintiff has alleged that Defendants are a business and an individual located in Hong Kong. (Complaint at ¶ 5-6, Doc. No. 1). Under Federal Rule of Civil Procedure 4(f) service on individuals in a foreign country must be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," Fed. R. Civ. P. 4(f)(1), or "by other means not prohibited by international agreement, as the court orders," id. at 4(f)(3). Under Rule 4(h)(2), foreign corporations, partnerships, and associations are to be served in the same manner. See Fed. R. Civ. P. 4(h)(2). The clear intent of Rule 4(f) is to follow the Hague Convention when the defendant is from a signatory country. See generally Volkswagenwerk Aktiengesellschaft v Schlunk, 486 U.S. 694, 699, 705 (1988)("compliance with the Convention is mandatory in all cases to which it applies.")

As Plaintiff details in his Motion (Doc. No. 8 at ¶ 7), the Convention was extended by the United Kingdom to Hong Kong on May 20, 1970, when Hong Kong was under British rule. Willis v. Magic Power Co., Ltd., CIV. A. 10-4275, 2011 WL 66017 at *2 (E.D. Pa. 2011). On July 1, 1997, Hong Kong became a Special Administrative Region of the People's Republic of China ("China"). American Society of International Law, The Position of the People's Republic of China and the United Kingdom on Multilateral Treaties Applying to the Hong Kong Special Administrative Region, 36 I.L.M. 1671, 1997 WL 759085 (Nov. 1997). China notified the Netherlands government, the official depository for the Hague Service Convention, that upon transfer of Hong Kong's sovereignty to China, the Convention would continue to be applicable. See Hague Conference on Private International Law, Special Administrative Region of Hong Kong (entry into force: 19 July 1970), http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn (last visited Nov. 13, 2013). Thus, the Hague Service Convention governs Plaintiff's service of process on foreign Defendants.

**B.    SERVICE OF PROCESS UNDER THE CONVENTION**

The Hague Service Convention provides in Article 2 that "[e]ach Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from

other Contracting States . . . ." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 2, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. When provided with a judicial document, the Central Authority of each signatory serves the relevant document or arranges for service by an appropriate agency. See id. art. 5. Signatories to the Convention may also effectuate service through diplomatic or consular channels, see id. arts. 8-9, or may agree to permit service of process by channels not otherwise enumerated in the Convention. Id. art. 11.

Article 10 of the Convention states, "[p]rovided the State of destination does not object, the present Convention shall not interfere with - (a) the freedom to send judicial documents by postal channels, directly to persons abroad." Id. art. 10 (emphasis added). U.S. federal circuit courts are split on the interpretation of Article 10. While some circuits have held that Article 10(a) allows for service of process by international mail as long as the receiving country has not filed an objection to that method of service, Brockmeyer v. May, 383 F.3d 798, 802 (9th Cir. 2004); Ackerman v. Levine, 788 F.2d 830, 838 (2d Cir. 1986), others strictly interpret the word "send" not to include "serve," thus finding initial service of process by mail to be prohibited under the Convention. See, e.g., Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 384 (5th Cir. 2002); Bankston v. Toyota

Motor Corp., 889 F.2d 172, 174 (8th Cir. 1989). Absent guidance from the Third Circuit, the Court adopts the reasoning of our colleagues Judge Ludwig and Judge Buckwalter, who have both held that service of process by international mail is in compliance with Article 10(a) of the Convention. Willis, 2011 WL 66017 at *2-*4 (E.D. Pa. 2011); The Knit With v. Knitting Fever, Inc., CIV.A. 08-4221, 2010 WL 2788203 at *6-*7 (E.D. Pa. 2010). The Court believes this to be the better view, given that it accords with interpretations by other courts, the U.S. Department of State, and other signatory countries. See The Knit With, 2010 WL 2788203 at *7 (collecting sources)("In short, although the issue is far from settled, a larger number of courts within the Third Circuit, a majority of courts outside the Third Circuit, the drafters of the Hague Convention, the United States Government, and other signatory countries have all adopted the position that Article 10(a) permits international service by mail.")

**C. OBJECTIONS TO SERVICE OF PROCESS BY POSTAL CHANNELS**

A state signatory to the Convention has the power to formally object to Article 10, thus prohibiting service of process by the methods described therein in its territory. See DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 288 (3d Cir. 1981). China has declared that it opposes the service of documents in its territory by the methods provided in Article 10 of the Convention, including the service of process by postal

channels. See Declarations Notifications - People's Republic of China, Hague Conference on Private International Law, http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn (last visited Nov. 13, 2013); see also U.S. Department of State, China Judicial Assistance, http://travel.state.gov/law/judicial/judicial_694.html (last visited Nov. 13, 2013).

In contrast, however, when China notified the Netherlands government that the Hague Service Convention would continue to apply to Hong Kong after July 1, 1997, it issued declarations only in reference to sub-paragraphs (b) and (c)[2] of the Convention, and not to sub-paragraph (a).[3] See id.; see also Table Reflecting Applicability of Articles 8(2), 10(a)(b) and (c), 15(2) and 16(3) of the Hague Service Convention, Hague Conference on Private International Law, http://www.hcch.net/index_en.php?act=publications.details&pid=4074&dtid=2 (last visited Nov. 14, 2013). Thus, within the territory

---

[2] Articles 10(b) and 10(c) govern the service of judicial documents by or through judicial officers, officials, or other competent persons of the State of destination. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters arts. 10(b)-10(c).

[3] The translated Note from the Ambassador of the People's Republic of China reads in relevant part, "Declarations (articles 8 and 10): 4. With reference to the provisions of sub-paragraphs b and c of Article 10 of the Convention, documents for service through official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority of other authority designated, and only from judicial, consular or diplomatic officers of other Contracting States." Declarations Notifications - People's Republic of China, Hague Conference on Private International Law, http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn (last visited Nov. 13, 2013).

of Hong Kong, the Article 10(a) right to effectuate service of process by postal channels directly to persons in Hong Kong remains intact. See TracFone Wireless, Inc. v. Unlimited PCS Inc., 279 F.R.D. 626, 630 (S.D. Fl. 2012)(collecting cases); Willis, 2011 WL 66017 at *3.

**D.   SERVICE OF PROCESS BY CERTIFIED MAIL**

The Court finds certified mail to be a permissible "postal channel" through which to complete service consistent with Article 10(a) of the Convention. Other courts have recognized FedEx, DHL, and other commercial mail couriers, see Tracfone Wireless, 279 F.R.D. at 631 (citing R. Griggs Grp. Ltd. v. Filanto Spa, 920 F.Supp. 1100, 1106-08 (D.Nev. 1996); Wong v. Partygaming Ltd., No. 1:06-CV-2376, 2008 WL 1995369 at *3 (N. D. Ohio 2008)), as well as service by registered mail, see, e.g., Syncrude Canada Ltd. v. Highland Consulting Group, Inc., 916 F.Supp.2d 620, 626 (D. Md. 2013); Ackerman, 788 F.2d at 838, to be permissible. U.S. Postal Service certified mail offers in-transit tracking, delivery confirmation, and proof of mailing. The Court finds these safeguards to be sufficient for secure and reliable service via international "postal channels" under the Hague Service Convention.

**E.   PROOF OF SERVICE**

"Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). When it is effectuated under

the Hague Service Convention, service of process outside of the United States must be proved as provided in the Convention. See Fed. R. Civ. P. 4(l)(2)(A). Typically, proof of service under the Convention comes in the form of a certificate issued by the Central Authority of the receiving state. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 6. The Convention does not spell out how to prove service when it is effectuated through postal channels under Article 10(a). However, Federal Rule of Civil Procedure 4(l)(2)(B) provides that, if the Convention allows but does not specify other means of service, proof of service may be made "by a receipt signed by the addressee, or by other evidence satisfying the court . . . ." Fed. Rs. Civ. P. 4(l)(2)(B), 4(f)(2).

Given that service was made by postal channels, a method allowed for but not specified by the Hague Service Convention, the Court is satisfied by Defendants' May 20, 2013 letter that service has been effectuated. Moreover, failure of proof of service does not affect the validity of service, Fed. R. Civ. P. 4(f)(3). Even if Plaintiff's proof of service is not according to the letter of the Hague Service Convention, no injustice will result to Defendants because it is clear from their May 20, 2013 letter and May 21, 2013 Federal Express receipt that they have sufficient notice of this action. See, e.g., Burda Media, Inc. v.

Viertel, 417 F.3d 292, 300-01 (2d Cir. 2005)(finding police report, which provides all necessary information, to be adequate substitute for formal Certificate when defendant suffered no injustice); see also Fox v. Regie Nationale desUsines Renault, 103 F.R.D. 453, 455 (W.D. Tenn. 1984).

**CONCLUSION**

The Court concludes that the Hague Service Convention applies to the instant case, and permits service of process by postal channels to Defendants in Hong Kong. Service by certified mail, return receipt requested, with proof of service by certified receipt and a letter from Defendants evidencing actual notice are permissible in this case. Accordingly, Plaintiff's Motion to Vacate Order Dismissing Case is hereby GRANTED.